IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DAVID KENDRICK                                                      PLAINTIFF

VS.                                              CAUSE NO.:  4:23CV113-MPM-RP

TRULITE GLASS AND ALUMINUM
SOLUTIONS, LLC                                                      DEFENDANT

## ORDER

Defendant Trulight Glass and Aluminum Solutions, LLC has filed a motion to dismiss

plaintiff David Kendrick's amended complaint in this case, which is based on allegations that he

was subjected to a hostile work environment and ultimately terminated on the basis of his race,

in violation of Title VII and 42 U.S.C. § 1981.  [Amended complaint at 3-4].  In response,

plaintiff seeks permission to file a Second Amended complaint, and, in seeking to do so, he

argues that:

> 13. Plaintiff respectfully requests leave from the Court to amend his complaint due to
> unforeseen and compelling circumstances that have impacted the timely filing of the
> First Amended Complaint. Plaintiff's counsel has been unable to make contact with
> Plaintiff due to Plaintiff's ongoing health issues, which has resulted in a slight delay
> filing such pleading.
> 14. Plaintiff is currently facing ongoing health issues that have hindered regular
> communication between Plaintiff and their counsel. This circumstance has made it
> challenging to obtain the necessary information required for the timely filing of the
> First Amended Complaint.

[Brief at 3].  This court has already granted plaintiff one opportunity to amend his complaint, and

defendant is understandably frustrated at counsel's assertion that he should be given a second

chance to do so.  Nevertheless, this court has no reason to doubt the genuineness of plaintiff's

alleged health problems, and it concludes that this constitutes circumstances which support

allowing him to amend his complaint once again.

1

In concluding that plaintiff should be given this opportunity, this court is influenced by

its conclusion that his proposed second amended complaint contains sufficiently detailed

allegations of unlawful conduct that he should be permitted to at least conduct discovery

regarding those claims. For example, plaintiff alleges in his proposed second amended complaint

that:

> 10. Employees of Defendant created a hostile work environment by making racially
> charged remarks, insinuating that Plaintiff, as an African American, made them feel
> uncomfortable, without any substantiated evidence to support their claims.
> 11. Furthermore, at numerous points during his employment with Defendant, Plaintiff
> was called racial slurs by other truck drivers employed by Defendant.
> 12. Plaintiff was also forced to endure racial remarks and innuendo laid against him by
> non-African American employees.
> 13. Plaintiff reported such egregious behavior to management, however, management did
> nothing to rectify the situation, nor were the individuals who made such racial remarks
> reprimanded.
> 14. Defendant took no steps to address Plaintiff's concerns regarding the racial abuse he
> endured.
> 15. Additionally, on one occasion, during an argument with Defendant's foreman, it
> became evident that the foreman was at fault. However, the Defendant unjustly favored
> the foreman solely based on his race, neglecting the facts and the rights of the Plaintiff.
> 16. Defendant's management, consisting mostly of white individuals, did not properly
> investigate the claims against Defendant and essentially took the side of the white
> accusers without any scrutiny of their claims.
> 17. As a result of the unfounded complaints and the discriminatory treatment, Plaintiff
> was wrongfully terminated.

[Proposed second amended complaint at 3]. This court regards these as sufficiently serious

allegations of discrimination to conclude that this case should be resolved at the summary

judgment stage of this litigation, following full discovery by both sides. Indeed, this is this

court's general preference in non-frivolous discrimination cases, since it is more concerned with

the substantive merit of the plaintiff's claims than whether his counsel did a perfect job of

drafting the complaint.

In light of the foregoing, it is ordered that plaintiff's motion to amend his complaint a

second time is granted, and defendant's motion to dismiss [4-1, 17-1] is dismissed without

prejudice to the arguments therein being raised in a motion for summary judgment following

discovery.  Plaintiff's motion for extension of time to respond to the motion to dismiss is

dismissed as moot.

So ordered, this the 5th day of September, 2024.


 /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI